Mack v. Roch.

LARREMORE, J., concurred.

---

JOHN MACK, Respondent, *against* ADELE ROCH, Appellant.

(Decided March 13th, 1885).

The Married Women's Acts of this state have not taken away the husband's estate by the curtesy in the real property of his wife which remains at her death undisposed of and unbequeathed ; and summary proceedings for the recovery of such property from a tenant under a lease by a married woman in her lifetime may be maintained by her husband as tenant by the curtesy after her decease.

APPEAL from a final order in summary proceedings of the district court in the City of New York for the Seventh Judicial District.

The facts are stated in the opinion.

*E. Benneville*, for appellant.

*Boardman & Boardman*, for respondent.

ALLEN, J.—This is an appeal from a judgment of the district court for the Seventh Judicial District, dispossessing the appellant, a tenant, from the premises No. 711 Madison Avenue for non-payment of rent.

The premises were held by the tenant under a lease in writing executed by Rhoda E. Mack during her lifetime. Mrs. Mack was the wife of the respondent and died soon after the execution of the lease. This proceeding to dispossess the tenant was brought by the respondent as tenant by the curtesy.

It is contended by the appellant that the proceeding cannot be maintained by the tenant by the curtesy, and that tenancy by the curtesy was abolished by the acts of 1848, *et seq.*, in reference to the property and rights of married women.

Tenancy by the curtesy is not a mere charge or incumbrance. It is a legal estate in the land (*Adair* v. *Lott*, 3 Hill 182). Upon the death of his wife, Mr. Mack became entitled to possession of the premises in question during the period of his natural life, and to the administration and enjoyment of them.

It is substantially settled that the acts for the more effectual protection of married women, passed in this state, do not affect the common law rights of the husband as tenant by the curtesy. While these acts have excluded him from any control of his wife's separate estate during her life, they have left to him the right of curtesy in so much of her real property as remains at her death undisposed of and unbequeathed (*Barnes* v. *Underwood*, 47 N. Y. 351; *Hatfield* v. *Sneden*, 54 N. Y. 280; *Matter of Winnie*, 2 Lans. 21; *Leach* v. *Leach*, 21 Hun 381; *Burke* v. *Valentine*, 52

Barb. 412; affirmed in Court of Appeals, 1872; *Beamish* v. *Hoyt*, 2 Robt. 307).

The proceeding was properly brought by the tenant by the curtesy.

The decision of the justice upon the questions of fact in the case is sustained by the evidence.

LARREMORE, J., concurred.

Order affirmed, with costs.